**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Allen Gaub,<br><br>             Plaintiff,<br>    vs.<br><br>Joseph Arpaio, et al.,<br><br>             Defendants. | No. CV-06-1339-PHX-PGR (ECV)<br><br><u>ORDER</u> |

   Pending before the Court is Defendants' Motion to Dismiss, filed August 30, 2007, wherein the defendants seek the dismissal of the entirety of this action brought pursuant to 42 U.S.C. § 1983.  On September 13, 2007, Magistrate Judge Voss entered an order (doc. #12) that (1) advised the plaintiff of the filing of the motion to dismiss, (2) advised him of the procedural requirements of LRCiv 7.2(e) for responding to a motion to dismiss, (3) warned him that his failure to file a timely response could lead to the dismissal of this action pursuant to LRCiv 7.2(i), and (4) ordered him to file a response to the motion to dismiss no later than October 12, 2007.  A review of the record establishes that the plaintiff has not made any effort to date to respond to the motion to dismiss or to seek any extension of time for doing so.

   The Court finds that the motion to dismiss should be granted in its entirety


pursuant to LRCiv 7.2(i) because the plaintiff's failure to oppose the motion is deemed to be his consent to the granting of it. *See* Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

The Court further finds that the motion to dismiss should be granted on its merits because the record establishes that the plaintiff failed to exhaust his administrative remedies as to any of the three claims raised in his First Amended Complaint. Although this action was commenced subsequent to the plaintiff's release from the Maricopa County jail, the plaintiff's claims all arise out of events that occurred during his incarceration. Pursuant to 42 U.S.C. § 1997e(a), no action by a prisoner related to prison conditions may be brought until all available administrative remedies are exhausted. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The plaintiff admitted in his First Amended Complaint (doc. #7) that he had not attempted to exhaust administrative remedies as to any claim and the evidence submitted by the defendants establishes that a grievance procedure was available to the plaintiff and that the plaintiff did not file any grievances while incarcerated. Therefore,

IT IS ORDERED that Defendants' Motion to Dismiss (doc. #11) is granted and that this action is dismissed in its entirety. The Clerk of the Court shall enter judgment accordingly.

DATED this 16th day of November, 2007.

_____
Paul G. Rosenblatt
United States District Judge